# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCY
### AT LOUISVILLE

STEPHEN J. JECKER                                                 **PLAINTIFF**

**v.**                           **CIVIL ACTION NO.   3:12CV-219-S**

**MONUMENTAL LIFE INSURANCE COMPANY**             **DEFENDANT**

## OPINION AND ORDER

This matter is before the court on the plaintiff's motion to reconsider and motion to compel document requests (third set) and to require personal attendance of a corporate representative deponent. These motions appear in a pleading titled, Plaintiff's Objections to Magistrate's Order and Motion to Compel (Docket No. 58), which the district court has construed as a motion to reconsider, by Memorandum Opinion and Order, entered June 21, 2013, (DN 71). The plaintiff requests that the magistrate judge reconsider its order, entered March 18, 2013, (DN 57), which limited written discovery and topics listed in his notice to take deposition of a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6). The defendant opposes reconsideration and continues to object to the discovery requests, in response memoranda, (DNs 62, 66). At a recent telephonic conference, the magistrate judge advised that review of this matter was unintentionally delayed, and counsel clarified the issues presently in contention.[1]   In short, the magistrate judge will **GRANT in part** the plaintiff's motions to reconsider and to compel and will amend its previous discovery ruling as follows:

### A.   Rule 30(b)(6) Designee

For reasons each party has thoroughly detailed, the defendant formally designated its former president, Chairman and CEO, Henry Hagan, as its corporate representative at a point in

---

1 Given this delay, the magistrate judge now views as moot the issue whether its ruling misperceived that the plaintiff "back loaded" discovery. (See plaintiff's argument, DN 58 at 9.)

this litigation after the plaintiff had deposed him as a fact witness. (The defendant alleges Mr.

Hagan alone made the decision to eliminate the plaintiff's position in a corporate reorganization in

or about 2010.) Based on Mr. Hagan's prior testimony, the defendant objected to certain topics (1,

2, 3, and 6) listed in the plaintiff's 30(b)(6) notice as duplicative and burdensome, and in its

previous order the magistrate judge sustained those objections. (DN 57 at ¶ 1.)

The plaintiff argues the magistrate judge mistakenly viewed the anticipated testimony as

duplicative because the witness previously testified only in his individual capacity. On

reconsideration, the magistrate judge agrees. A corporate designation distinguishes the nature of

the testimony of a fact witness from the testimony of a representative of the defendant organization

itself. FED.R.CIV.P. 30(b)(6). Rule 30(b)(6) contains an implicit obligation to prepare the witness

for examination on matters, not limited to the witness's personal knowledge, but extending to all

information reasonably available to the responding organization. 8A WRIGHT & MILLER, FED.

PRAC. AND PROC. § 2103 n.8 (3d ed. 2014). Even on issues and topics covered during previous

examination, the designated witness must testify, essentially, to the information known or

reasonably available to the organization itself and the organization's position with respect to the

listed topics, not merely the personal opinion or information of the witness. In addition, the

magistrate judge concludes the deposition may proceed in person, as is proper and customary

among the practicing bar of the Western District of Kentucky. The magistrate judge will, therefore,

**OVERRULE** the defendant's objections.

### B.   Monumental Sales Associate Program (Topic 5, Doc. Req. 15)

The plaintiff argues the magistrate judge mistakenly ruled that discovery regarding the

Monumental Sales Associate ("MSA") program following the plaintiff's termination is not

relevant. The magistrate judge agrees with the plaintiff and will reconsider its previous ruling. The MSA program apparently featured development of "independent agents," rather than or in addition to employed or "career agents." The defendant argues that events following the elimination of the plaintiff's position are not relevant because those events could not have been known to the defendant at the time the defendant reorganized, and thus do not tend to prove or disprove the defendant's motive for eliminating the plaintiff's position. The magistrate judge respectfully disagrees.

The scope of discovery is broader than the defendant suggests and includes information regarding any non-privileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b). The plaintiff claims that the MSA program in essence continued to exist under the responsibility of a younger replacement and that the consolidation of the independent and career agents is a factual dispute, of relevance, requiring discovery. If the plaintiff's contention is true, this discovery may provide information relevant to the plaintiff's calculation of lost bonus income. The defendant counters that bonus information of a nonexistent position is unavailable. In the magistrate judge's view, the requested information pertains not to the position, itself, however refined or reorganized, but to the engagement of contract agents and the calculation of bonus income. The magistrate judge will, therefore, **OVERRULE** the defendant's objections.

### C.   S.H.A.R.E. Line (Topic 7, Doc. Req. 14)

The plaintiff argues that he timely sought discovery related to the S.H.A.R.E. Line, the defendant's complaint hotline, which the defendant has pleaded as a defense, and that the magistrate judge thus mistakenly limited this discovery. The plaintiff seeks to depose a corporate representative about the number of S.H.A.R.E. Line complaints, investigations and the number of

claims considered to be with or without merit. In addition, the plaintiff moves to compel a complete response to document request 14 which seeks S.H.A.R.E. Line information including, the lawyer, firm, and other investigators, initially for a period of ten years preceding the plaintiff's termination, but during current motion practice, for a period of three years before and after the plaintiff's termination. The defendant objects that complaints of discrimination based on grounds other than age have no relevance and argues the potential burden of disclosing confidential, self-critical analysis outweighs any benefit to the disclosure. The defendant has identified an age discrimination complainant and provided information of the plaintiff's share line complaint, including the investigator's report. Such response, in the magistrate judge's view, satisfies the defendant's Rule 26 obligation and will **SUSTAIN** the objections to the document request. The magistrate judge further concludes the 30(b)(6) topic, essentially a statistical inquiry to support an inference of bias, narrowed to a three-year time-frame, is sufficiently tailored to fall within the scope of permissible discovery under Rule 26. The magistrate judge will therefore **OVERRULE** the objection to the 30(b)(6) topic.

### D.   Training Records (Topic 13, Document Req. 9)

The plaintiff argues that to prove a willful violation of anti-discrimination statutes, this discovery seeks information related to anti-discrimination training in employment, that is, training offered to the corporate officers, and related materials, including records of attendance. The defendant objects that this information is not relevant and overly broad because the existence of the materials does not prove knowledge of their content, and because Mr. Hagan testified he received web-based and live-presentation training. The magistrate judge concludes the objections

are not well taken. Again, Rule 26 defines the parameters of permissible discovery as information relevant to a claim or defense. The subject matter at issue, here, is the plaintiff's allegations and claim of willful discrimination, regardless whether Mr. Hagan's testimony undermines or disputes the claim. The magistrate judge will, therefore, **OVERRULE** the defendant's objections.

### E.   Reorganization Discovery (Topic 12)

The plaintiff seeks to depose a corporate representative about "the October 2009 reorganization," a subject to which Mr. Hagan testified and the details about which the witness had some difficulty recalling. The defendant has pleaded the corporate restructure and elimination of the position as a defense but objects to the topic's breadth and relevance because it encompasses highly confidential information which exceeds the relevant information why the defendant eliminated the plaintiff's position. The magistrate judge agrees with the defendant and will **SUSTAIN** the objection **IN PART**. The reorganization of Monumental Life, itself a part of Aegon USA's Life and Protection Group, is too broad an inquiry. Mr. Hagan's testimony, referenced by the plaintiff at exhibit HH (DN 58), nonetheless, touches upon a narrower reorganization, and specifically the personnel downsizing, within the career agency business (one of four units) within Monumental Life. The magistrate judge will **OVERRULE** the defendant's objection on this narrower topic.

DATE: