FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **STEPHEN J. JECKER**, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 3:12-CV-0219-DJH-CHL ) |
| **MONUMENTAL LIFE INSURANCE COMPANY**, | ) ) ) ) |
| Defendant. | ) |

### DEFENDANT'S REPLY SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS REGARDING PLAINTIFF'S EEOC CHARGE

Pursuant to Local Rule 7.1, Defendant Monumental Life Insurance Company ("Monumental") submits its reply brief supporting its motion to exclude from evidence information regarding Plaintiff's EEOC charge. Monumental has moved the Court to exclude from the trial of this matter all contents of the EEOC's file regarding Plaintiff Stephen J. Jecker's ("Mr. Jecker") charge of discrimination, including but not limited to correspondence between the EEOC and the parties' counsel, internal EEOC correspondence, and the parties' responses to EEOC requests for information. As numerous courts have held, such evidence is irrelevant, and whatever scant probative value it may hold is substantially outweighed by the potential for unfair prejudice and jury confusion. Accordingly, all such testimony and evidence must be excluded at trial.

The parties have now filed their trial exhibit lists, and Mr. Jecker has not identified any document from the EEOC file as a trial exhibit, so this Motion may be moot. Nevertheless, in his response, Mr. Jecker objects to Monumental's Motion,

arguing that he should be permitted to introduce a list he submitted to the EEOC of 29 individuals that he "believed had been wrongfully terminated from Monumental" and his charge of discrimination. No document from the EEOC file may be introduced at trial because no such documents were identified on Mr. Jecker's exhibit list, and he does not offer any "good cause" for their omission. *See* Court's July 25, 2016 Memorandum of Conference and Order, DE #111, PageID# 1877 ("In the absence of good cause shown . . . no exhibit or testimony shall be admitted into evidence except upon compliance with the conditions of this Order.")

Moreover, Mr. Jecker has not cited any authority to would permit introduction of EEOC file documents into evidence, nor has he made any argument counter to the authority cited in Monumental's motion. The only case cited in Mr. Jecker's Response, *Sherman v. Chrysler Corp.*, 47 F. App'x 716 (6th Cir. 2002), **affirmed** the District Court's decision to exclude the EEOC file from the trial, noting that "[a]n EEOC letter of violation is presumptively inadmissible "because it 'suggests that preliminarily there is reason to believe that a violation has taken place' and therefore results in unfair prejudice to defendant." In *Sherman*, the plaintiff argued that Chrysler had made multiple discriminatory decisions against the plaintiff himself. Although some of those employment decisions were time-barred and no longer actionable, the Sixth Circuit determined that evidence of prior adverse decisions against the plaintiff may have been probative of whether Chrysler discriminated against the plaintiff on the occasion in question. Nevertheless, the Court held that the trial court's exclusion of the evidence was harmless. The evidentiary question in that case (prior decisions related to the

plaintiff himself) is not analogous or even similar at all to the one at issue here (alleged employment separations of 29 other individuals).

In any event, regardless of its origin, Mr. Jecker may not introduce into evidence at trial his list of allegedly wrongfully terminated individuals. Mr. Jecker's speculation about the reasons for these individuals' departures from the company is not admissible evidence. *See, e.g*. *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986) ("Mere personal belief, conjecture and speculation are insufficient to support an inference of age discrimination."); *Preston v. Clayton Homes, Inc.*, 167 F. App'x 488, 492 (6th Cir. 2006) ("We note that the subjective opinions of [the plaintiff] and other employees about the reasons for his termination are not sufficient to support an inference of discrimination in any event[.]") (*citing Woythal v. Tex-Tenn Corp.,* 112 F.3d 243, 247 (6th Cir. 1997), and *Chappell*, 803 F.3d at 268); *Mulhall v. Ashcroft,* 287 F.3d 543, 552 (6th Cir. 2002) (ruling, in an employment retaliation case, that summary judgment for the defendant was mandated, because "the inferences plaintiff sought to draw from evidence were akin to flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from personal experience"); *see also* Fed. R. Evid. 602. Mr. Jecker does not know whether these individuals left the company voluntarily or involuntarily. He lacks any evidence or personal knowledge about any of these individuals' separations that could provide context for any related employment decisions. The mere fact that a person was over age 40 at the time he or she separated from Monumental's employment is not evidence of age discrimination. Even if Mr. Jecker had a shred of evidence that could establish the factual circumstances behind

these individuals' alleged departures from the company, he certainly has not established the logical link between these individuals' circumstances and his own that is required to show that the evidence is relevant. *See Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012) (observing that "other acts evidence must be logically or reasonably tied to the decision made with respect to [the plaintiff] in order to be relevant to the plaintiff's claim"). Furthermore, if Mr. Jecker could establish a link between others' circumstances and his own, which he cannot do and has not done, the weak probative value of such evidence in this case is substantially outweighed by undue prejudice to Monumental. Developing the facts behind 29 other individuals' separations from employment will be an extraordinary waste of time and will not tend to make any genuine issue in Plaintiff's case more or less likely.

For all of the reasons set forth herein and in Monumental's Motion, Monumental requests that the EEOC's file on Plaintiff's charge of discrimination should be excluded from evidence in its entirety.

This the 7th day of February, 2017.

/s/ Leila G. O'Carra
Leila G. O'Carra
locarra@littler.com
Jay Inman
jinman@littler.com
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile: 859.259.0067

*Attorneys for Monumental Life Ins. Co., Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel.

/s/ Leila G. O'Carra
Leila G. O'Carra