**FILED**
VANESSA L. ARMSTRONG, CLERK

FEB 24 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN J. JECKER,</br>
                                                           Plaintiff,

v.                                                                                Civil Action No. 3:12-cv-219-DJH-CHL

MONUMENTAL LIFE INSURANCE
COMPANY,                                                                                                      Defendant.

\* \* \* \* \*

## JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the claims asserted by the plaintiff against the defendant.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will be given a copy of these instructions.

## INSTRUCTION NO. 2

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case by the preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 3

The term "preponderance of the evidence" is used many times in these instructions and deserves some additional explanation. To establish by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 5

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 6

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)   Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)   Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)   Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)   Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)   Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)   Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 9

There is one more general subject that I want to talk to you about before I begin explaining the elements of the plaintiff's claims.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 10

### Age Discrimination -- Elements

Plaintiff Stephen Jecker claims that he would not have been terminated but for his age.

Defendant Monumental Life Insurance Company denies Jecker's claims and contends that he was terminated because his position was eliminated.

Under the federal Age Discrimination in Employment Act and the Kentucky Civil Rights Act, it is unlawful for an employer to discriminate against an employee because of the employee's age.

To prove unlawful discrimination under either the Age Discrimination in Employment Act or the Kentucky Civil Rights Act, Jecker must prove by a preponderance of the evidence that

(1) His employment was terminated;

(2) He was 40 years or older when he was terminated; and

(3) Monumental would not have terminated him but for his age.

If you find that Jecker has proved all three of these elements, your verdict should be for him. If, on the other hand, Jecker has failed to prove any of these elements, your verdict should be for Monumental.

## INSTRUCTION NO. 11

### Pretext

If you find that Monumental's stated reason for its decision to terminate Jecker is not the real reason but is a pretext for age discrimination, then you may, but are not required to, find that Monumental would not have decided to terminate Jecker but for his age. In determining whether Monumental's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Monumental's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Monumental or believe it is harsh or unreasonable. You are not to consider Monumental's wisdom. However, you may consider whether Monumental's stated reason is merely a cover-up for discrimination.

## INSTRUCTION NO. 12

### Same-Actor Inference

If you find that the same individual both promoted Jecker into his position and discharged him from employment in that position, you may infer that the decisions were not motivated by age discrimination. You should consider all evidence presented by the parties to determine the impact of this inference; the inference does not require you to find in favor of Monumental.

## INSTRUCTION NO. 13

### Duty to Mitigate Damages

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

So, if you find by a preponderance of the evidence that Jecker failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of his damages by the amount he could have reasonably realized or will reasonably realize if he takes advantage of such opportunities.

## INSTRUCTION NO. 14

### Back Pay

If you find that Monumental unlawfully discriminated against Jecker by terminating his employment, you may award as actual damages an amount that reasonably compensates Jecker for any lost wages that Jecker would have received from Monumental had he not been discharged.

Back pay damages, if any, apply from the time Jecker was discharged until the date of your verdict. If you award back pay, you must deduct from the back-pay figure whatever wages Jecker has obtained or reasonably could have obtained from other employment during this period.

## INSTRUCTION NO. 15

### Front Pay

An award of front pay compensates the plaintiff for the loss of future wages that have been caused by the defendant's discriminatory act. You may determine and award separately a monetary amount equal to the value of any future wages that Jecker would reasonably have earned from Monumental had he not been terminated for the period of up to one year from the date of your verdict. From this figure you must subtract the amount of earnings Jecker will receive from other employment during that time. Jecker has the burden of proving these damages by a preponderance of the evidence. For purposes of awarding front pay, you may assume that Jecker has a life expectancy of greater than one year.

## INSTRUCTION NO. 16

### Liquidated Damages/Willfulness

If you find that Jecker is entitled to recover damages for lost wages, then you must determine whether Monumental's conduct was willful. If you find that Monumental willfully violated the Age Discrimination in Employment Act, then you may award Jecker double the amount of back pay that you have found. Jecker has the burden of proving willfulness by a preponderance of the evidence.

You may only find that Monumental's conduct was willful if it has been proved that when Monumental discharged Jecker from employment, Monumental knew the discharge was in violation of the Age Discrimination in Employment Act or acted with reckless disregard of that law.

## INSTRUCTION NO. 17

### Damages for Emotional Distress

If you find that Monumental discriminated against Jecker on the basis of age in violation of the Kentucky Civil Rights Act, you may award damages for any emotional distress and humiliation that you find Jecker suffered as a result of the discrimination.

## INSTRUCTION NO. 18

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue upon which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN J. JECKER,     Plaintiff,

v.     Civil Action No. 3:12-cv-219-DJH-CHL

MONUMENTAL LIFE INSURANCE
COMPANY,     Defendant.

\* \* \* \* \*

### VERDICT FORM

**Part One**

We, the jury, find that Defendant Monumental Life Insurance Company terminated Plaintiff Stephen J. Jecker because of his age:

YES_____    NO_____

If you answered YES to Part One, proceed to Part Two.

**Part Two**

We, the jury, find that Jecker proved the following damages by a preponderance of the evidence:

Back Pay:     $_____

Front Pay:     $_____

Liquidated Damages: $_____

Emotional Distress:   $_____

_____      _____
Foreperson signature     Juror number

_____
Date

20